

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

CASE NO. CM0614-12

CLERK OF COURT

BY:_____

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0614-12 |
| vs. | |
| JOSHUA PAUL HERRERO, | |
| Defendant. | DECISION AND ORDER<br>(Motion to Dismiss for Civil<br>Compromise) |
| KALENE D.M. POCAIGUE, | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Motion to Dismiss Due to Civil Compromise. The People of Guam ("The People") are represented by Assistant Attorney General Christine Santos Tenorio. Defendant Joshua Paul Herrero ("Defendant Herrero") is represented by Alternate Public Defender Stephen P. Hattori. Defendant Kalene D.M. Pocaigue ("Defendant Pocaigue") is represented by Assistant Public Defender Richard S. Dirkx. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING Defendants' Motions.

## BACKGROUND

On July 3, 2013, a Complaint was filed charging both Defendant Herrero and Defendant Pocaigue with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor). Defendant Pocaigue was also charged with Child Abuse (As a Misdemeanor). As with all crimes, Defendants were charged based upon the facts presented in

*People v. Herrero; People v. Pocaigue*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0614-12

a police report submitted to the Attorney General's Office following Defendants' arrest. The Complaint arises out of an alleged altercation between Defendants, who were boyfriend and girlfriend. Declaration of Assistant Attorney General Elizabeth Vasiliades ("Declaration") at 1. The Declaration contains the following facts:

> Defendant Pocaigue stated she and her boyfriend Defendant Herrero got into a physical altercation. Defendant Pocaigue stated she was angry and threw a cell phone at Defendant Herrero while he was holding their one month old son. Defendnat Herrero became angry, put the infant on the bed, and put Defendant Pocaigue in a choke hold, then slammed her against a locker. Defendant Pocaigue began pushing and shoving Defendant Herrero and he then pushed her to the floor and backhanded her mouth. Witnesses observed Defendant Pocaigue run after Defendant Herrero while Defendant Herrero was holding their infant son. Defendant Pocaigue began punching Defendant Herrero while Defendant Herrero shielded the baby from injury. Witnesses took the baby out of harm's way and police were contacted. Defendant Herrero had injuries to his cheek and hands and confirmed that he and Defendant Pocaigue were in a physical altercation and that their infant child was involved. He denied choking Defendant Pocaigue. Defendant Pocaigue suffered injuries to her neck, arm, lip, and hands.

*Id.*

On April 25, 2013, Defendant Herrero filed Motion to Dismiss Due to Civil Compromise. On May 2, 2013, Defendant Pocaigue filed Affivdavit of Kalene Danielle Mantanona Pocaigue Regarding Civil Compromise, stating that she and Mr. Herrero have received satisfaction for their injuries, as they have reconciled and forgiven each other. Defendant Pocaigue filed Notice of Motion and Motion to Dismiss Due to Civil Compromise ("Defendant Pocaigue's Motion") on May 16, 2013. The People filed People's Opposition to Defendant's Motion to Dismiss Due to Civil Compromise on May 13, 2013.

## DISCUSSION

Defendants argue the criminal charges against them should be dismissed, because they have reached a civil compromise pursuant to Title 8 GCA § 80.90. Section 80.90 provides:

*People v. Herrero; People v. Pocaigue*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0614-12

**§ 80.90. Misdemeanors May be Compromised; Procedure.**

(a)     When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b)     If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 GCA § 80.90 (2013).

Defendant Pocaigue asserts this case is entitled to civil compromise, because she and Defendant Herrero have reconciled, and she acknowledges they may need counseling. Defendant Pocaigue's Motion at 2.[1]  The People's Opposition contends Defendants, who are also victims in this case, will not receive satisfaction for their injuries as required by law. Opposition at 3.  The People argue that in family violence cases not involving restitution, there is no satisfaction for the physical and emotional injury suffered by the victim.  Opposition at 4. The People also contend that satisfaction of the victim's injury is best addressed through rehabilitation of a defendant through the criminal justice system. *Id.*

Guam law does not explicitly state the above statute is inapplicable to crimes of violence, but civil compromise is typically limited to cases involving monetary restitution for property damage. The current facts involve two Defendants who are accused of engaging in acts akin to mutual combat or accused of assaulting one another, making the question of restitution problematic.  But the Court's position is reconciliation between Defendants and

---

[1] Defendant Herrero has not acknowledged that he has received satisfaction for his injuries.

*People v. Herrero; People v. Pocaigue*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0614-12

treatment meet the statutory requirement that victims receive "satisfaction for the injury" as stated in 8 GCA § 80.90(b).

The Court looks to California for guidance, as its law served as the basis for Guam's civil compromise statute. California law prohibits the application of civil compromise to cases involving family violence. California's statute states:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378, **except** when it is committed as follows:
>
> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
> (b) Riotously.
> (c) With an intent to commit a felony.
> (d) In violation of any court order as described in Section 273.6 or 273.65.
> (e) **By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.**
> (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
> (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added).

The Court notes that Guam law does not explicitly prohibit civil compromise in family violence cases. The Court also notes this Court has consistently denied requests for civil compromise in cases involving family violence, where it is alleged that one party is the perpetrator. These decisions, however, do not limit this Court's ability to grant civil compromise in family violence cases, which involve situations akin to mutual combat. In family violence cases, the Court will only consider and grant a dismissal due to civil compromise where there are no serious injuries or allegations of serious misconduct, such as strangulation. This case is eligible for civil compromise, as the allegations are akin to mutual combat, and there does not appear to be any serious misconduct or strangulation.

*People v. Herrero; People v. Pocaigue*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0614-12

With that said, this Court will apply a three-factor test to determine whether to dismiss this case. When considering whether to dismiss a misdemeanor criminal prosecution under the civil compromise statute, three factors are relevant: (1) whether the civil injury is coextensive with the criminal violation, (2) whether the circumstances, such that through private settlement, the injury to the public is fully vindicated, and (3) whether a victim's settlement agreement is voluntary. *See People v. Moulton*, 131 Cal.App3d Supp. 10, 21-22 (Cal.Super.1982).

In the present case, Defendants were both charged with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor). First, there are civil remedies for both family violence and assault. *Id.* at 21. Thus, the civil injury is coextensive with the criminal violation. Additionally, the injuries Defendants' suffered[2] were not serious, did not appear to require medical treatment, and the dispute involved a situation akin to mutual combat, as there is not a clear perpetrator and victim. Therefore, the Court believes that through reconciliation and treatment, the injury to the public is fully vindicated. *Id.* at 22. Finally, although it is Defendant Pocaigue, and not Defendant Herrero, who claims they have reconciled, the Court does not find any information to the contrary indicating reconciliation has not occurred and that the settlement agreement is not voluntary. *Id.*

Finally, the Court will only grant the Motion on the condition both parties agree to be assessed and complete any recommended treatment by Client Services and Family Counseling ("Client Services").

---

[2] Defendant Pocaigue claims she did not suffer injury, but this conflicts with the Declaration of Attorney Elizabeth S. Vasiliades. Declaration at 1.

*People v. Herrero; People v. Pocaigue*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0614-12

## CONCLUSION

Based on the foregoing, the Court conditionally **GRANTS** Defendants' Motions as to the charges of Family Violence (As a Misdemeanor) and Assault (As a Misdemeanor). Defendant Pocaigue's charge of Child Abuse (As a Misdemeanor) is not dismissed. Defendants are ordered to be assessed by Client Services and must complete any treatment recommended by Client Services. Further proceedings are set for _9/6/13 at 9:00_

**SO ORDERED**, this __19th__ day of August, 2013.

**HONORABLE MICHAEL J. BORDALLO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and exact copy of the original on file in the office of the Clerk of the Superior Court of Guam.

Dated at Hagåtña, Guam

AUG 19 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

*People v. Herrero; People v. Pocaigue*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0614-12